## Berlin v. Chicka.

*Mandamus—Judgment entered and execution issued on transcript of justice pending mandamus to compel allowance of appeal—Act of June 3, 1893.*

A judgment entered on a transcript given by a justice of the peace after an alternative writ of mandamus has been served upon him, commanding him to allow an appeal or show cause why he should not allow an appeal, before the proceeding in mandamus is disposed of, will be stricken from the record, an execution thereon stayed, and the property levied on by virtue of the execution released from the lien.

The Act of June 8, 1893, P. L. 345, considered.

Petition to strike off judgment. C. P. Westmoreland Co., Feb. T., 1921, No. 42, *fi. fa.*

*Smith & Smith,* for plaintiff; *Z. T. Silvis,* for defendant.

COPELAND, P. J., March 27, 1922.—The execution in this case is founded upon a judgment entered at No. 703, February Term, 1916, and that judgment is founded upon a transcript from the docket of J. H. Foight, justice of the peace in and for the Borough of Export, Westmoreland County, Penn-

2 D. & C.

sylvania. The execution in this case, on the *fieri facias*, was issued on Jan. 6, 1921, and placed in the hands of the sheriff, who levied upon certain personal property of the defendants, as appears by the return of the writ. On Jan. 15, 1921, Redda Chicka, one of the defendants, came into court on a petition which was filed that day, setting forth that a civil proceeding in *assumpsit* was instituted against him by I. E. Berlin before J. H. Foight, a justice of the peace of Export, Pennsylvania; that on Feb. 9, 1914, the case was heard before the justice and a judgment was rendered in favor of the plaintiff, I. E. Berlin, against Redda Chicka, for the sum of $100; that an application promptly was made to the justice for an appeal; that, although everything was done that was required, the justice refused to grant an appeal; that at No. 568, May Term, 1914, in the Court of Common Pleas of Westmoreland County, Pennsylvania, a petition for an alternative writ of mandamus was presented by the defendant and filed; that upon that petition an alternative writ of mandamus was issued against J. H. Foight, justice of the peace, returnable the first Monday of May, 1914, at 9 A. M.; that the writ was served upon J. H. Foight; that a return was made and a traverse filed; that the proceeding in mandamus not having been disposed of, the justice was without authority to give the plaintiff a transcript of judgment for the purpose of filing the same in court. Upon this petition a rule was issued to show cause why the transcript and judgment should not be stricken from the record and all proceedings on the execution stayed, the rule being returnable in ten days from the date of the acceptance of service by the attorneys representing the plaintiff. To this rule an answer was filed on Jan. 24, 1921, in which it was stated that an application was not promptly made to the justice of the peace for an appeal, and that the defendant refused to comply with the requirements of the law on taking appeal; admitting that a petition in mandamus was presented by the defendant against J. H. Foight, the justice of the peace; admitting the mandamus proceedings set forth in the petition for this rule; admitting that they had not been disposed of; admitting that a transcript had been given by the justice to the plaintiff subsequent to the institution of the mandamus proceedings, and stating that the same had been entered of record at No. 703, February Term, 1916; that a *scire facias* to revive was issued at No. 567, February Term, 1921; that a *fieri facias* was issued on the alleged judgment at No. 52, February Term, 1921; that a writ of execution was placed in the hands of the sheriff, and that the personal property of Redda Chicka had been levied upon by the sheriff and advertised to be sold on Monday, Jan. 17, 1921, at 3 o'clock P. M.; averring in the answer that the mandamus proceedings were instituted merely for the purpose of delay, and denying that the transcript was filed and that the execution issued on the same without authority of law, and asking that the rule be discharged.

On this petition and answer this matter came into the hands of the late Judge McConnell, and after his death it was passed to us for disposition.

The issue now raised and the question involved for the determination of the court is whether a judgment entered on a transcript given by a justice of the peace after an alternative writ of mandamus has been served upon him, commanding him to allow an appeal or show cause why he should not allow an appeal, before the proceeding in mandamus is disposed of, is valid and binding and will support an execution.

It appears to us that there is no question as to the fact that I. E. Berlin, the plaintiff in this execution, sued the defendants before J. H. Foight, a duly and regularly commissioned justice of the peace for Franklin Township, Westmoreland County, Pennsylvania, with an office at Export; that on or

Berlin v. Chicka.

about Feb. 9, 1914, the case was heard by this justice and judgment was rendered in favor of I. E. Berlin and against the defendants for $100 and costs; that there was some altercation about the appeal between the defendant and the justice; that one of the defendants, Redda Chicka, went into the Court of Common Pleas and at No. 568, May Term, 1914, petitioned the court for an alternative writ of mandamus, and that on April 1, 1914, by order of court, that writ was issued, returnable to the first Monday of May, 1914, at 9 o'clock A. M. There is no question as to the fact that this writ, after embodying the facts set forth in the petition, in part reads as follows: "We, therefore, command you, the said J. H. Foight, justice of the peace as aforesaid, that you do grant the appeal, wherein I. E. Berlin is plaintiff and Redda C. Checki is defendant, perfecting the same as of Feb. 28, 1914, or not doing so, that you show cause why you do not, in answer to this writ, on the first Monday of May, A. D. 1914, at 9 o'clock A. M., and herein fail not."

There is no question as to the fact that this writ was served on the justice of the peace on April 4, 1914, as the return of the sheriff to the writ evidences. There is no question as to the fact that the defendant made a return in obedience to the writ which was filed on April 30, 1914. There is no question as to the fact that a traverse was filed on July 14, 1916. There is no question as to the fact that this case prematurely got into the hands of the court before a traverse was filed; and there is no question as to the fact that this transcript of judgment was given to the plaintiff and filed in court while this matter was pending, and that both the *scire facias* to revive the judgment and the *fieri facias* to make the money subsequently were issued thereon.

All the facts involved in this case not being in dispute, it is to be seen that the matter resolves itself into one of law. So that the only question in this case for us now to determine is one of law as to whether a judgment shall be stricken from the record, entered on a transcript from a justice of the peace after a proceeding in mandamus to compel the justice to allow an appeal has begun and before that proceeding has been terminated.

The petition of Redda Chicka, one of the defendants in this execution, for the alternative writ of mandamus sets forth the fact that J. H. Foight was a duly and regularly commissioned justice of the peace of Franklin Township, with office at Export, Westmoreland County, Pennsylvania; that civil proceedings in *assumpsit* were instituted by I. E. Berlin against him; that the case was heard on Feb. 9, 1914, by J. H. Foight; that judgment was entered against him by the justice in the sum of $100; that he is a real estate owner in Franklin Township; that, believing injustice had been done him, he called upon the justice of the peace at his office in Export, together with other property holders, on Feb. 27, 1914, being less than twenty days after the judgment had been rendered against him, and then and there demanded an appeal and offered to make affidavit that the appeal was not taken for delay; that injustice had been done him, etc., and offered property holders as security; that the justice refused to grant the appeal; that on the next day, to wit, Feb. 28, 1914, being less than twenty days after judgment had been rendered, Redda Chicka, the defendant before the justice of the peace, again called upon the justice in the Borough of Export and requested the granting of an appeal, and offered to make affidavit and offered to give good and sufficient bail absolute for the payment of the debt, interest and costs that had or would accrue on the affirmance of the judgment which had been rendered against him in favor of I. E. Berlin; that the justice still refused to grant the appeal unless the petitioner pay all the costs; that he called again the same day with two property holders and offered to perfect an appeal, but still the justice refused.

2 D. & C.

Berlin v. Chicka.

The return of the justice to the alternative writ of mandamus denied that Redda Chicka had called with property holders on Feb. 27, 1914, and demanded an appeal and offered property holders as security; denied that he had called on Feb. 28, 1914, and offered to give sufficient bail absolute for payment of the debt, interest and costs that would accrue on the affirmance of the judgment; denied that he had called the second time on Feb. 28, 1914; denied that he at any time offered to give bail absolute for the payment of the debt, interest and costs, but averred that he had called on the occasions set forth in his petition and demanded an appeal on the payment of 75 cents, the price of the transcript; that he positively refused to give bail, and avers that he sent an interpreter to him to explain that it was necessary to pay the costs that accrued or give bail absolute for the payment of the debt, interest and costs before an appeal would be granted, and that the interpreter on the same day communicated with Redda Chicka, the defendant; that he again refused to either give bail or pay the costs; and the justice averred further in his return that he at all times stood willing and ready to grant the appeal upon complying with the law with the reference to giving bail or the payment of costs.

The answer or traverse to the return reiterated and reaffirmed the facts set forth in the petition for mandamus, and the traverse denies specifically every allegation and averment made by the justice in his return to the alternative writ of mandamus.

There can be no doubt as to the fact that the defendants in this case had a right to an appeal before the justice of the peace without payment of costs, for it is said in section 1 of the Act of May 29, 1907, P. L. 306: "That in all cases of appeal from the judgment of an alderman or a justice of the peace, the said alderman or justice shall be entitled to demand and receive from the appellant the costs in the case before the making and delivery of the transcripts for said appeal; and if the appellant shall finally recover judgment in the case appealed, he shall be entitled to receive and collect from the adverse party the costs so as aforesaid paid on appeal: Provided, however, that if any appellant shall give good and sufficient bail absolute for the payment of debt, interest and costs that have and will accrue on affirmance of the judgment, the appellant shall not be required to pay any costs before taking an appeal."

The defendant having a right to an appeal without payment of costs by giving bail absolute, and the allegation appearing in his petition and his answer and traverse to the return of the alternative writ of mandamus of the justice that he appeared before the justice, demanded an appeal, offered to give bail absolute, and the justice refusing to allow the appeal without his first paying the costs, and the allegation in the justice's return to the writ that he always stood ready and willing to grant the appeal upon the defendant complying with the requirements of the law relating to taking appeals of the character of the one sought to be taken in this case, raise an issue or issues of fact. Must not these issues of fact be disposed of before the justice makes any further move in the case, and especially before he gives to the plaintiff a transcript of the judgment to be entered of record in the Court of Common Pleas?

What do we do upon a return made by a justice of the peace and when a traverse of the return is filed by the defendant seeking an appeal raising issues of fact such as are raised in this case?

The Act of June 8, 1893, P. L. 345, indicates what shall be done. That act, inter alia, says: "That the several Courts of Common Pleas shall, within

their respective counties, have the power to issue writs of mandamus to all officers and magistrates elected or appointed in or for the respective county, or in or for any township, district or place within such county. . . . Any person desiring to obtain a writ of mandamus shall present his petition . . . setting forth the facts upon which he relies for the relief sought. . . . If such petition presents the substance of a case for mandamus, the court shall direct that such writ issue in the alternative form. . . . In all other cases the party procuring the alternative writ shall be plaintiff, the party to whom said writ is directed shall be defendant. . . . The defendant shall file in the office of the prothonotary of the court awarding the alternative writ a return thereto, verified by affidavit, within the time specified in the writ, and in default thereof judgment shall be given against him with the same effect as if he had filed a return and such return had been adjudged insufficient. . . . The plaintiff may demur to the return or he may plead to or traverse all or any of the material facts therein contained. The defendant shall reply, take issue or demur, and like proceedings shall be had as in other actions at law. If a verdict is found for the plaintiff and judgment is entered thereon, or if a judgment is given for him upon a demurrer or by *nihil dicit* or for want of an answer by *non sum informatus* or other pleading, he shall recover his damages and costs."

It clearly is apparent that when a return is made to an alternative writ of mandamus answering the averments in the petition upon which the writ issued and, in addition, averring certain facts, and a traverse is filed specifically traversing and denying all matters set forth in the justice's return, thus raising issues, the act we have just cited contemplates a jury trial to dispose of the issues raised and to determine whether or not the party seeking the appeal is entitled thereto or whether the justice was right in refusing the appeal. It equally is apparent that the court was within its rights in granting this alternative writ of mandamus to compel the justice to allow an appeal or show cause why it should not be allowed: Beach v. Evans, 7 Pa. C. C. Reps. 241; Walsh v. Ford, 8 Kulp, 220; Crawford v. Stewart, 47 Pitts. L. J. 123.

The practice is, when a return to an alternative writ of mandamus is filed, for the petitioner to the writ to demur, plead to or traverse the answer. If the defendant alleges facts which are untrue and which, as stated, constitute a good defence, and the petitioner denies them by means of a traverse; if the return be such that further statement of facts is necessary to put the question in proper light, the new allegations should be embodied in the form of a plea or traverse. By these means an issue of fact or law will sooner or later be raised, which must be disposed of respectively before a jury or upon argument in court. If the issue is determined in favor of the petitioner for the writ and the justice still refuses to comply with the alternative writ, a writ of peremptory mandamus, which issues of course, should be obtained, and if this be not obeyed, then an attachment for contempt should issue. This the sheriff will serve by taking the justice into custody to await the disposition of the court, which will enforce obedience by process of contempt.

If the parties go to trial in this case on the issues raised by the papers at No. 568, May Term, 1914, and final judgment is in favor of the plaintiff at that number, it readily is to be seen that then the justice must allow the appeal. Then the case tried before the justice will be heard *de novo* by the Court of Common Pleas. If final judgment is in favor of the defendants, the cause is at an end, and the plaintiff in this execution will not be entitled to the money made on the writ we now are considering; but if the judgment entered on the transcript from the justice is allowed to remain and the pro-

2 D. & C.

ceeding on the appeal is terminated adversely to the plaintiff, we will have a trial in court in one instance in which it was determined that the plaintiff is not entitled to judgment, and another trial before a justice terminated in which the plaintiff is entitled to judgment, both judgments being the result of the same suit. This would be an anomalous situation, and cannot be. It, therefore, is clear to us that the transcript given by the justice to the plaintiff in this execution was issued, was given prematurely and is of no binding force and effect, and, therefore, must be stricken from the record.

And now, to wit, March 27, 1922, after argument and after due and careful consideration, it is ordered, adjudged and decreed that the rule granted on the petition filed Jan. 15, 1921, at *fi. fa.* No. 52, February Term, 1921, be and the same hereby is made absolute and the execution is forever stayed, the property levied on by virtue of the execution is released from all liens and the judgment at No. 703, February Term, 1916, upon which this execution is issued, is stricken from the record; the costs of this proceeding to be borne by the plaintiff in the writ.          From William S. Rial, Greensburg, Pa.